IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dennis Barnette, | : |
| | : Case No. 1:19-cv-309 |
| Plaintiff, | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : Order Granting Renewed Motion to |
| City of Cincinnati, *et al.*, | : Confirm Arbitration Award |
| | : |
| Defendant. | : |

This matter is before the Court on Plaintiff Dennis Barnette's Renewed Motion to Confirm Arbitration Award. (Doc. 15.) Defendant City of Cincinnati filed a Memorandum in Opposition to the Renewed Motion. (Doc. 22.) Thereafter, the Fraternal Order of Police Queen City Lodge 69 ("FOP"), also a nominal defendant, filed a Memorandum Joining and in Support of the Renewed Motion. (Doc. 25). For the reasons that follow, the Court will confirm the Arbitration Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

I. **PROCEDURAL HISTORY**

Barnette, an officer in the Cincinnati Police Department, initiated this action on April 26, 2019 against Defendants City of Cincinnati, Cincinnati Chief of Police Eliot Isaac, and Cincinnati City Manager Patrick Duhaney (collectively, the "City Defendants"). (Doc. 3.) He alleged that the City Defendants discriminated against him on the basis of race in violation of state law and denied him due process in violation of the U.S. Constitution when they suspended his police powers. (*Id.* at PageID 33–34.) Barnette moved for a temporary restraining order and preliminary injunction. (Doc. 4.) After the parties informed the Court that Barnette had been restored to full duty pending arbitration, the Court issued an Order on May 10, 2019 denying as moot the motion for equitable relief and staying the case pending arbitration. (Doc. 6.)

The arbitration proceeded between the FOP and the City of Cincinnati. (Doc. 8 at PageID 80.) Barnette was not a party to the arbitration. A hearing was held before an arbitrator with the American Arbitration Association in September 2019. (*Id.* at PageID 81.) The arbitrator issued a written decision sustaining in part and denying in part the grievance on December 9, 2019. (*Id.* at PageID 80–112.) The arbitrator concluded as follows in the written decision:

> Based thereon, Disciplinary Action was appropriate and warranted for the reasonably prohibited misconduct engaged in by the Grievant, as captured on the BWC footage; however, the Grievance is Sustained to the extent the 56-hour Suspension shall be reduced to a Written Warning, consistent with that issued to Officer Donte Hill for the same offense, and to other Employees who have made similar derogatory and offensive utterances; the Grievant shall be made whole for the time lost from the 56-hour Suspension; and, he shall be made whole for the extra employment opportunities lost when his Police powers were suspended. (Each Charge - Rule 25; and, Rule 1.23(C) - levied against this Employee, while recognized as separate Charges, are merged only for the purpose of disposition/adjudication herein since each is dependent on the other).

(*Id.* at PageID 112.)

On December 19, 2019, Barnette filed the first Motion to Confirm Arbitration Award, which was opposed by Defendants. (*Id.* at PageID 76–79.) The Court held a status conference on January 14, 2020. Thereafter, on January 28, 2020, the Court denied Barnette's Motion without prejudice to refiling because the Arbitration Award was not yet final. (Doc. 9.) The Ohio Revised Code provides that a party to an arbitration has three months after the award is made to file a motion in common pleas court "vacating, modifying, or correcting the award." Ohio Rev. Code § 2711.13.

After the Arbitration Award became final, Barnette filed the Amended Complaint against the City Defendants and the FOP on July 3, 2020. (Doc. 14.) Barnette identified the FOP as "the bargaining agent for Plaintiff and a necessary party to these proceedings for confirmation of the Arbitration Decision arising from the facts alleged herein." (*Id.* at PageID 156.) He restated

his claims for race discrimination and denial of due process against the City Defendants. (*Id.* at PageID 159–161.)

Barnette also filed the pending Renewed Motion to Confirm Arbitration Award on July 3, 2020. (Doc. 15.) The City of Cincinnati opposed the Renewed Motion on the grounds that Barnette lacks standing to confirm the arbitration award since he was not a party to the arbitration. (Doc. 22.) The FOP, conversely, filed a Memorandum supporting and joining in Barnette's effort to have the Arbitration Award confirmed. (Doc. 25.)

## II. ANALYSIS

The FAA provides that "any party to the arbitration" can apply for an order confirming an arbitration award to the "United States courts in and for the district within which such award was made." 9 U.S.C. § 9. It further provides that a district court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* The City of Cincinnati's sole basis to oppose confirmation of the Arbitration Award is that Barnette was not a party to the arbitration as required by § 9. The City of Cincinnati summarized its argument as follows:

> Barnette is a member of FOP Queen City Lodge #69, which is the party that filed the grievance that resulted in arbitration. The FOP is the legal entity with the power and authority to file for arbitration as the authorized representative of Barnette and other members. While the arbitration vindicated Barnette's rights, it was in the name of the FOP. As such, only the FOP has standing to move to confirm the arbitration award, which it has yet to do. This most likely is because of the resolution between the parties.

(Doc. 22 at PageID 225.) However, this argument was undermined when the FOP, a party to the arbitration, filed its Memorandum supporting and joining in Barnette's request to confirm the Arbitration Award. There being no other objection, the Court confirms the Arbitration Award pursuant to the FAA, 9 U.S.C. § 9.

### III. CONCLUSION

For the foregoing reasons, the Renewed Motion to Confirm the Arbitration Award (Doc. 15) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 14th day of October 2020.

BY THE COURT:

_Susan J. Dlott_
Susan J. Dlott
United States District Judge